IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Antione S. Lee,                                    :

                    Plaintiff        :        Civil Action 2:13-cv-00029

       v.                            :        Judge Marbley

Robert Ross, *et al.*,               :        Magistrate Judge Abel

                    Defendants       :


**INITIAL SCREENING
REPORT AND RECOMMENDATION**

       Plaintiff Antione S. Lee, an inmate at Belmont Correctional Institution, brings this

prisoner civil rights action under 42 U.S.C. §1983.  This matter is before the Magistrate

Judge for a Report and Recommendation on initial screening of the complaint pursuant

to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims,

_____

       [1]The full text of §1915A reads:

              (a) Screening.--The court shall review, before dock-
       eting, if feasible or, in any event, as soon as practicable after
       docketing, a complaint in a civil action in which a prisoner
       seeks redress from a governmental entity or officer or
       employee of a governmental entity.

              (b) Grounds for Dismissal.--On review the court shall
       identify cognizable claims or dismiss the complaint, or any
       portion of the complaint, if the complaint--

                     (1) is frivolous, malicious, or fails to state a
              claim upon which relief may be granted; or

                     (2) seeks monetary relief from a defendant who
              is immune from such relief.

and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted with respect to defendants Robert Ross, Kelly S. Riehle, Sergeant Joe Meyers, Sergeant Scott Yonak, Gary S. Croft, Brad Eller, and Mona Parks and therefore **RECOMMENDS** dismissal of those defendants. The Magistrate Judge **FURTHER RECOMMENDS** that this lawsuit continue as to plaintiff's claims against defendants Mary Potter and Dr. Eddy.

The complaint alleges defendant Mary Potter is the Institutional Investigator. Potter had plaintiff placed in segregation because several inmates had threatened plaintiff's life. After spending six days in the hole, plaintiff was taken to see Potter. Potter informed plaintiff that she was investigating drugs being brought into the prison, and if plaintiff agreed to place Potter's name on his calling list to provide her with information, Potter would release plaintiff from segregation. Plaintiff was put in 6 House, but Sergeant Yonak and Robert Ross had him removed from 6 House. Plaintiff was returned to 6 house, but Yonak and Ross had him removed again and began threatening and harassing plaintiff. The Warden had plaintiff removed from 6 House. Potter had her

---

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

number removed from plaintiff's calling list. The complaint alleges that Potter was not concerned about Lee's safety when he could no longer provide her information concerning her investigation about drugs in 6 house. On December 8th, Lee was attacked by three inmates. This attack could have been prevented by Potter.

Although not included in the complaint, plaintiff Lee's Memorandum in Support (doc. 1-4, PageID 17-34) contains additional allegations. It alleges that Lee is a 34 year old African American transgender male who has been living as a female since the age of 18. He has taken female hormone medication, estrogen, since the age of 19. He has also received breast implants. The Memorandum further alleges that since Lee has been incarcerated at the Belmont Correctional Institution, Lee has filed a series of complaints and grievances about mistreatment and discrimination against him because he is an African American transgender inmate.

The Memorandum alleges that Correctional Officer Robert Ross called Lee names, searched his bed area, and wrote him a false incident report for contraband. Kelly S. Riehle, an Institutional Inspector, Gary R. Croft, Chief Inspector, and Mona Parks, an Assistant Chief Inspector, are alleged to have failed to properly investigate and sustain grievances Lee filed. Brad Eller, a medical administrator, is alleged to have "shown no concern to Mr. Lee's complaints." *Id.,* PageID 26. Finally, it is alleged that Dr. Eddy, ODRC's Chief Medical Officer, denied Lee hormonal treatment despite that fact that the treatment is medically necessary and he was receiving that treatment

3

before his transfer to the Belmont Correctional Institution. Because he has been denied

the treatment, Lee is depressed and has suffered adverse physical side effects.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v.*

*Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim
> showing that the pleader is entitled to relief." Specific facts showing that
> the pleader is entitled to relief are not necessary; the statement need only
> "'give the defendant fair notice of what the . . . claim is and the grounds
> upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127
> S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson*, 551 U.S. at 94; *Hughes*

*v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,*

550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

<u>Discipline</u>. The allegation that Correctional Officer Ross falsely accused Lee of

possessing contraband is not actionable. There is no allegation that Lee was, in fact,

disciplined. Even if he were, the conduct fails to state a claim for relief because disci-

plinary, or punitive, segregation is generally defined as the confining of an inmate, after

the holding of a hearing, as punishment for the commission of an infraction. The affect-

ed inmate will not be found to have suffered the loss of a Fourteenth Amendment lib-

erty interest unless placement in disciplinary confinement is accompanied by a with-

drawal of good-time credits or is for a significant period of time that presents an unusual hardship on the inmate. *See, e.g., Sandin v. Conner*. 515 U.S. 472, 485-86 (1995).

Grievances. The Memorandum alleges that defendants Mona Parks, Kelly S. Riehle, and Gary R. Croft failed to properly investigate and sustain Lee's grievances. The allegations against them are not actionable because prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).

Transfers. The complaint alleges that defendants Sergeant Yonak and Correctional Officer Ross removed Lee from 6 House on two occasions, transferring him to another unit within the prison. However, prisoners have no constitutional right to remain at a particular prison or to remain in a particular housing unit. *See, Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir. 1995).

Derogatory comments. The Memorandum alleges that Correctional Officer Ross "called Mr. Lee names" and verbally harassed him. Verbal abuse or harassment is not actionable. *Ivey v. Wilson*, 832 F.2d (6th Cir. 1987).

Assault on Lee. The complaint alleges that defendant Mary Potter knowingly and intentionally places Lee in danger of great bodily injury when she caused him to be released from the hole. At this stage of the proceedings, that claim is actionable. *See, Farmer v. Brennan*, 51 U.S. 825, 833 (1994).

5

<u>Denial of needed medical care</u>. The Memorandum alleges that Dr. Eddy denied Lee medically necessary estrogen causing him physical and psychological injury. At this stage of the proceedings the allegations are sufficient to state a claim because the Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

On the other hand, the allegation that Brad Eller, a hospital administrator has "shown no concern to Mr. Lee's complaints" is insufficient to state a claim that he deliberately subjected plaintiff to cruel and unusual punishment.

For the reasons set out above, the Magistrate Judge RECOMMENDS that defendants Robert Ross, Kelly S. Riehle, Sergeant Joe Meyeres, Sergeant Scott Yonak, Gary S. Croft, Brad Eller, and Mona Parks be DISMISSED because neither the complaint nor the Memorandum contains allegations that they engaged in actionable conduct. This action continues with respect to defendants Potter and Eddy .

Accordingly, it is hereby **RECOMMENDED** that defendants Robert Ross, Kelly S. Riehle, Sergeant Joe Meyeres, Sergeant Scott Yonak, Gary S. Croft, Brad Eller, and Mona Parks be **DISMISSED** for failure to state a claim against them under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendants Robert Ross, Kelly S.

Riehle, Sergeant Joe Meyeres, Sergeant Scott Yonak, Gary S. Croft, Brad Eller, and Mona Parks are not required to answer the complaint unless later ordered to do so by the Court. This action continues with respect to defendants Mary Potter and Dr. Eddy. Defendants Potter and Eddy are **ORDERED** to answer or otherwise respond to the complaint within forty-five (45) days after being served with a copy of the com-plaint and summons.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel            
United States Magistrate Judge
